**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **NICOLE D. EVANS, on behalf of N.R.E.,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL NO. 3:09CV191 |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** ) ) ) ) | |
| Defendant. ) ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Nicole D. Evans, proceeding on behalf of her minor child N.R.E., seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for Supplemental Security Income payments ("SSI"). The Commissioner's final decision is based on a finding by an Administrative Law Judge ("ALJ") that N.R.E. was not disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

for summary judgment (docket no. 9) be DENIED; that Defendant's motion for summary judgment (docket no. 12) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff, proceeding on behalf of her minor child, N.R.E., protectively filed her current application for child's SSI on April 19, 2006, claiming disability due to attention deficit hyperactivity disorder (ADHD), with an alleged onset date of February 20, 2006. (R. at 79, 134.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 63-70; 71–74.) On November 14, 2007, Plaintiff and N.R.E. testified before an ALJ. (R. at 33-62.) On November 16, 2007, the ALJ denied Plaintiff's application, finding that N.R.E. was not disabled under the Act because she does not have an impairment or combination of impairments that result in marked or severe functional limitations. (R. at 12-24.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 5-7.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that N.R.E. is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

2

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record, and whether the proper legal standards were applied in evaluating the evidence. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. § 416.924. The analysis is conducted

for the Commissioner by an ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

A claimant under the age of eighteen is considered disabled if that individual suffers from a medically determinable physical or mental impairment which results in marked and severe functional limitations, and is expected to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(C)(I). The Commissioner uses a three-step process to evaluate the SSI claims of minors. See 20 C.F.R. §416.924. At the first step, the ALJ must consider whether the claimant has engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. § 416.924(a). If a claimant's work equals SGA and is more than an unsuccessful work attempt, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. 20 C.F.R. § 416.924(b). If the claimant establishes that she did not engage in SGA, the analysis proceeds to the second step in which the claimant must prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.924(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. Id. If a child suffers from a severe impairment or combination of impairments, the ALJ must finally determine whether the child's impairment meets, medically equals, or functionally equals an impairment listed in Appendix 1, Part 404, Subpart P, and lasts, or is expected to last, for twelve months or result in death. 20 C.F.R. § 416.924(d)(1). In assessing the functional limitations caused by the impairments, the ALJ examines a child claimant's limitations in six areas of development and functioning in order to

4

determine whether she has "marked" limitations in two domains[3] of functioning, or an "extreme" limitation in one domain.[4] 20 C.F.R. § 416.926a(a). The six relevant domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(a)(1).

### IV. ANALYSIS

The ALJ found at step one that N.R.E. has not engaged in substantial gainful activity at any time relevant to his decision. (R. at 15.) At step two, the ALJ found that N.R.E. had the severe impairments of attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder (ODD). (R. at 15-16.) However, these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 16.) The ALJ specifically noted that N.R.E.'s record reflected no marked limitations or impairments to meet the "A" or "B" criteria of the sections under which her ADHD and ODD were evaluated. (R. at 16.) Also, the ALJ found that the record did not reflect "an impairment or combination of impairments imposing such functional limitations so as to be medically equivalent in severity to any section of Appendix 1." (R. at 16.) Furthermore, the ALJ found that N.R.E.'s severe impairments of ADHD and ODD did not functionally equal the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 16-24.) The

---

[3] Domains are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1).

[4] A "marked" limitation is defined as one that seriously interferes with a child's (in the appropriate age range of the claimant) ability to function in that area. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is defined as one that renders a claimant incapable of meaningful function in a particular area. 20 C.F.R. § 416.926a(e)(3).

ALJ concluded that N.R.E. had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, a less than marked limitation in the ability to care for herself, and no limitation in moving about and manipulating objects or in her overall health and physical well-being. (R. at 19-24.) Based on such findings, the ALJ concluded that N.R.E. was not disabled, as defined by the Act, and therefore not entitled to benefits. (R. at 24.)

Plaintiff moves for a finding that N.R.E. is entitled to benefits as a matter of law. (Pl.'s Mot. for Summ. J.) Plaintiff argues that N.R.E. has been disabled since February 2006 and continues to be disabled. (Pl.'s Mot. for Summ. J.) In support of her claim, Plaintiff has attached to her motion a March 2009 psychology report that was not before the ALJ or the Appeals Council. Defendant argues in opposition that a remand to consider the new evidence is inappropriate and that Plaintiff's proper remedy is to file a new application with which she can submit the more recent report as evidence. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") at 2.) Defendant further argues that the Commissioner's final decision is supported by substantial evidence and application of the correct legal standard such that it should be affirmed. (Def. Mem. at 2-19.)

**A.  The Court cannot consider the new evidence offered by Plaintiff.**

Plaintiff has offered a psychology report, dated March 27, 2009, as support for her argument that N.R.E. has been disabled since February 20, 2006. (Pl.'s Mot. for Summ. J.) This report was not presented to the ALJ or the Appeals Council, and is not a part of the record for purposes of review.

In determining whether the ALJ's decision was supported by substantial evidence, a

district court cannot consider evidence which was not presented to the ALJ. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996) (citing U.S. v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963); Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972) (citing Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1970) (noting that reviewing courts are restricted to the administrative record in determining whether the decision is supported by substantial evidence).

The ALJ rendered a decision in Plaintiff's case on November 16, 2007. (R. at 12-24.) The Appeals Council subsequently denied review on November 28, 2008. (R. at 5-7.) Plaintiff has attached new evidence to her motion for summary judgment, dated March 27, 2009, which is beyond the date of the Appeals Council's decision. Because this report was not part of the record on which the ALJ based his decision, the Court accordingly cannot consider Plaintiff's new evidence in determining whether the ALJ's decision was supported by substantial evidence.

**B.     A sentence six remand to consider the new evidence is inappropriate.**

Although the Court cannot consider evidence which was not presented to the ALJ, the Act provides that the Court may remand a case for reconsideration in two situations. 42 U.S.C. § 405(g). The first is a "sentence four" remand, which provides that the "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a rehearing." Id. The second is a "sentence six" remand, which provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id.; see also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (a reviewing court may

remand a case on the basis of newly discovered evidence if four prerequisites are met: (1) the evidence must be relevant to the determination of disability at the time the application was first filed and not be merely cumulative; (2) the evidence must be material; (3) there must be good cause for failure to submit the evidence before the Commissioner; and (4) the claimant must present to the remanding court a general showing of the nature of the new evidence.). Because Plaintiff has offered new evidence to the Court, the Court will address whether Plaintiff has fulfilled the requirements to justify a sentence six remand.

Plaintiff meets the third and fourth requirements of Borders' standard for a sentence six remand. 777 F.2d at 955. There is good cause for Plaintiff's failure to submit the evidence earlier simply because the report was completed after the ALJ's decision. Plaintiff has also made a general showing of the nature of the new evidence, as she has attached it to her Motion for Summary Judgment.

However, the report does not meet the requirements that the new evidence be relevant and material in order to justify a sentence six remand. New evidence must relate to the determination of disability *at the time the application was first filed*, and it must not concern evidence of a later-acquired disability, or of the "subsequent deterioration of the previously non-disabling condition." Szubak v. Sec'y of Health & Human Services, 745 F.2d 831, 833 (3rd Cir. 1984) (citing Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir. 1982); see also Borders, 777 F.2d at 955. Evidence must also be material to the extent that the Commissioner's decision "'might reasonably have been different'" had the new evidence been before him. Borders, 777 F.2d at 955-56 (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). This report was completed on March 27, 2009, which is more than a year after the ALJ made his determination.

While the report addresses N.R.E.'s severe impairment of ADHD, the report does not indicate how N.R.E.'s ADHD affected her prior to the ALJ's decision. Rather, the report addresses possible "subsequent deterioration of the previously non-disabling condition." Szubak, 745 F.2d at 833. Nevertheless, this Court cannot make any finding as to whether N.R.E.'s condition has, in fact, deteriorated. If Plaintiff believes N.R.E.'s condition has deteriorated since the ALJ's decision, her proper remedy is to file a new application and submit the additional evidence with such application. Because this new evidence does not relate to the determination of disability at the time the application was first filed, it cannot be considered relevant or material; therefore, it fails to meet the requirements of a sentence six remand.

C. **The Commissioner's final decision is supported by substantial evidence and application of the correct legal standards such that it should be affirmed.**

Plaintiff argues that N.R.E. has been disabled since February 2006 and continues to be disabled. (Pl.'s Mot. for Summ. J.) Defendant argues in opposition that the Commissioner's final decision is supported by substantial evidence and application of the correct legal standards. (Def.'s Mem. at 2-19.) It is undisputed that N.R.E. has not engaged in substantial gainful activity at any time relevant to the ALJ's decision (step one of the child disability analysis), or that N.R.E. has the severe impairments of ADHD and ODD (step two of the child disability analysis). Therefore, this Court will only address whether the ALJ's decision regarding the third step of the disability analysis (whether the child's impairment meets, medically equals, or functionally equals an impairment listed in Appendix 1, Part 404, Subpart P, and lasts, or is expected to last, for twelve months or result in death) is supported by substantial evidence and application of the correct legal standards.

The ALJ considered the entire record before determining that N.R.E. had not been

9

disabled, as defined in the Act, as of April 19, 2006, the date the application was filed. The ALJ found that N.R.E.'s ADHD and ODD did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 16.) In making this determination, the ALJ evaluated N.R.E.'s disorders under the relevant sections and noted that the record did not reflect signs, symptoms, or impairments imposing such functional limitations so as to be medically equivalent in severity to any section of Appendix 1. (R. at 16.)

The ALJ further found that N.R.E. did not have an impairment or combination of impairments that functionally equaled the listings. (R. at 16-24.) Specifically, the ALJ noted that N.R.E. had a less than marked limitation in the areas of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for yourself; and he found no limitation in the areas of moving about and manipulating objects or in her overall health and physical well-being. (R. at 19-24.)

    **1.**  **Substantial evidence supports the ALJ's determination that N.R.E. has a less than marked limitation in acquiring and using information.**

The ALJ noted in his decision that N.R.E. has learning difficulties and is performing below grade level, yet she is attending regular classes and receiving passing grades in all of her classes except one. (R. at 20, 144-46.) In April 2006, Plaintiff indicated N.R.E.'s ability to pay attention and maintain a task was not limited. (R. at 118.) A teacher questionnaire dated May 23, 2006, noted that N.R.E. had an obvious to severe problem in the domain of acquiring and using information. (R. at 100.) Specifically, the questionnaire noted that N.R.E. rushed through everything and did not work carefully, she did not pay attention in class well, and she did not keep her study guides organized. (R. at 100.) Nevertheless, a notice from Chesterfield County Public Schools (CCPS), dated October 17, 2006, noted that N.R.E. was maintaining satisfactory

progress academically and that medication was assisting her with regard to attentional issues. (R. at 153-54.) During the 2006-2007 school year, N.R.E. changed schools and received three failing grades in the fourth quarter of the school year. (R. at 152.) Plaintiff noted on July 27, 2007 that N.R.E. had problems paying attention in class and following directions. (R. at 139-41.) However, on October 3, 2007, CCPS again reached the conclusion that with regards to N.R.E., there was no suspicion of a disability and no recommendation to evaluate. (R. at 150.) Furthermore, in a conference report dated November 13, 2007, N.R.E.'s teacher noted that her homework was "much better," and that she had a failing grade in only one class. (R. at 144-45.) N.R.E. was also selected to participate in a reading program to support her reading skills. (R. at 146.)

Considering all the evidence, it is clear that the ALJ's decision on the domain of acquiring and using information is supported by substantial evidence and the application of correct legal standards. Reports indicated that N.R.E.'s medication was helping with her attentional issues and progress reports indicate that she was progressing academically. Furthermore, during the hearing before the ALJ on November 14, 2007, N.R.E. informed the ALJ that she could tell the difference between a.m. and p.m., she could operate a microwave oven, would not answer the door if she were home alone, and she was able to explain to the ALJ what "AR" points[5] are and how they work. (R. at 38, 51, 53, 58.) Accordingly, the Court recommends a finding that the ALJ's determination of a less than marked limitation in the domain of acquiring and using information is supported by substantial evidence and application

---

[5] "AR" stands for "Accelerated Reader." N.R.E. explained to the ALJ that in order to receive points, she must read AR books and take tests on them. (R. at 58.)

of the correct legal standards and, therefore, should be affirmed.

> 2. **Substantial evidence supports the ALJ's determination that N.R.E. has a less than marked limitation in attending and completing tasks.**

The ALJ also noted in his decision that N.R.E. had difficulty maintaining attention and focus, but not marked limitation. (R. at 21.) As noted above, Plaintiff stated in April 2006 that N.R.E.'s ability to pay attention and maintain a task was not limited, and in October 2006 school records indicated that N.R.E. was maintaining satisfactory progress academically, and that her medication was assisting her to maintain attention. (R. at 118, 153-54.) Plaintiff also testified during the hearing before the ALJ that N.R.E. will pay attention to something that is interesting to her, such as a T.V. program, movie, or video game. (R. at 39-40, 44.) Plaintiff further testified that N.R.E. can be on the Play Station "all day if you let her." (R. at 44.) Plaintiff also stated that N.R.E. knows how to play games and take her turn. (R. at 43.) The ALJ also noted that N.R.E. was able to perform chores around the house, obey safety rules, and take care of her personal needs. (R. at 21.)

Considering all of the evidence, the Court concludes that while N.R.E. does have difficulty with maintaining attention and focus, the ALJ's decision that N.R.E. has a less than marked limitation in the domain of attending and completing tasks is supported by substantial evidence and application of the correct legal standards.

> 3. **Substantial evidence supports the ALJ's determination that N.R.E. has a less than marked limitation in interacting and relating with others.**

The ALJ further found that N.R.E. had a less than marked limitation in interacting and relating with others. (R. at 21.) As support for this finding, the ALJ noted that N.R.E.'s medical and school records did not note any severe problems involving social functioning; nor were there

any records of punishment for misconduct. (R. at 21, 102, 144-45, 150-54, 170-79.) Also, N.R.E. testified before the ALJ that she was able to make and keep friends, though Plaintiff did not agree. (R. at 46-47.) However, Plaintiff's April 19, 2006 function report indicated that N.R.E. had friends of her own age and was able to make new friends, and school records from October 13, 2007 reflect that N.R.E. enjoyed spending time with her friends. (R. at 116, 149.) Furthermore, a questionnaire completed by Plaintiff in August 2006 noted that N.R.E. was involved in a Girl Scout program every Monday after school. (R. at 119, 124.) Plaintiff indicated, during her testimony before the ALJ, that N.R.E. could get impatient while playing games with others, but that she knew how to take her turn. (R. at 43-44.) Plaintiff noted in April 2006 that N.R.E. generally interacts with adults and teachers satisfactorily, and she also testified before the ALJ that N.R.E. is generally respectful of authority. (R. at 48, 116.)

At the initial and reconsideration levels, it was found that N.R.E. had a marked limitation in the domain of interacting and relating with others. The Childhood Disability Evaluation form noted that N.R.E. exhibited decreased impulse control at home, was disruptive in class, demonstrated poor self-control, and generally exhibited behavior problems at home, in school, and in the community. (R. at 182.)

However, while the initial and reconsideration evaluations reflected a marked limitation in the domain of interacting and relating with others, the Court finds that there is substantial evidence to support the ALJ's determination of a less than marked determination in this domain. As noted above, N.R.E. was capable of making and keeping friends, she enjoyed spending time with her friends, she knew how to take her turn while playing games, she was generally respectful of authority, and there was no evidence of punishment for misconduct. The Court

13

concludes that the ALJ's decision that N.R.E. has less than a marked limitation in the domain of interacting and relating with others is supported by substantial evidence and application of the correct legal standards.

> **4. Substantial evidence supports the ALJ's determination that N.R.E. has no limitation in moving about and manipulating objects.**

The ALJ noted that the record does not reflect that N.R.E. has any significant problems standing, walking, sitting, or engaging in physical activities. (R. at 22.) In April 2006, Plaintiff noted N.R.E.'s physical abilities were not limited. (R. at 115.) A May 2006 teacher questionnaire noted that N.R.E. had no problems in this domain. (R. at 103.) Furthermore, Plaintiff testified before the ALJ that N.R.E. had no deficits in this domain; that N.R.E. could make herself a sandwich, use the microwave oven, kick a ball, run, and ride a bike. (R. at 50-51.)

Considering all of the evidence, the Court concludes that the ALJ's decision that N.R.E. has no limitation in the domain of moving about and manipulating objects is also supported by substantial evidence and application of the correct legal standards.

> **5. Substantial evidence supports the ALJ's determination that N.R.E. has a less than marked limitation in caring for herself.**

The ALJ found that N.R.E. has the ability to care for her own personal needs and perform age-appropriate activities. (R. at 23.) In April 2006, Plaintiff noted that N.R.E. was able to bathe herself, dress herself, feed herself, perform chores, obey safety rules, and follow direction. (R. at 117.) In a May 2006 teacher questionnaire, it was noted that N.R.E. had only a slight to obvious problem in this domain. (R. at 104.) Plaintiff testified at the hearing before the ALJ that N.R.E. was able to take care of matters of personal hygiene and could also watch her six

year-old sister alone. (R. at 50-53.) N.R.E. testified at the hearing that she was able to make toast, make a sandwich, use the microwave, and take her medicines as directed. (R. at 51-52.)

Again, considering all of the evidence, the Court concludes that the ALJ's decision that N.R.E. has a less than marked limitation in the domain of caring for herself is supported by substantial evidence and application of the correct legal standards.

### 6. Substantial evidence supports the ALJ's determination that N.R.E. has no limitation in her overall health and physical well-being.

The ALJ found that N.R.E. had no chronic illnesses or medical problems that resulted in severe symptoms or limitations in physical functioning. (R. at 24.) Plaintiff testified at the hearing before the ALJ that although N.R.E. has been sick before, she had never been to an emergency room. (R. at 54.) N.R.E.'s teacher in May 2006 was unaware of any problems in this domain. (R. at 105.) Furthermore, N.R.E.'s medical records reflect that she was generally healthy. (R. at 170-179.)

Taking all the evidence into account, the Court concludes that the ALJ's decision that N.R.E. has no limitation in the domain of health and physical well-being is supported by substantial evidence and application of the correct legal standards.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (docket no. 9) be DENIED; that Defendant's motion for summary judgment (docket no. 12) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable James R. Spencer and to all counsel of record.

**NOTICE TO PARTIES**

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: January 20, 2010
Richmond, Virginia